IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00012-BNB
(**The above civil action number must appear on all future papers
  sent to the court in this action.  Failure to include this number
  may result in a delay in the consideration of your claims.**)

ALFONSO A. CARILLO,

      Applicant,

v.

JOHN STEIN, Lt., Jail Administrator,

      Respondent.

---

## <u>AMENDED</u> ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES

---

Mr. Carillo initiated this action by submitting an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  The Court has reviewed the Application for a Writ of Habeas Corpus and finds that Mr. Carrillo is asserting civil rights claims rather than habeas corpus claims.

Mr. Carrillo complains that jail officials have deprived him of his legal materials and access to a law library, restricted his telephone communications, delayed his receipt of legal mail, and have caused him to "miss[ ] several important events related to [his] cases."  (ECF No. 1, at 5-8 of 27).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  It is well established in the Tenth Circuit that § 2241 is an improper vehicle for a prisoner to challenge the conditions of his confinement.  *See McIntosh v.*

*United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Generally, a state prisoner's challenge to his conditions of confinement is cognizable under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). Mr. Carrillo has filed a separate § 2241 Application in *Carrillo v. Wilson*, Civil Action No. 12-cv-3007-BNB, in which he challenges the fact or duration of his confinement in jail on pending criminal charges and the denial of bail. To the extent Mr. Carrillo asserts a duplicative claim in this action, it will not be considered. If Mr. Carrillo intends to make additional allegations challenging the fact or duration of his pre-trial confinement, he should file a motion to amend in Civil Action No. 12-cv-03007-BNB.

Mr. Carrillo will be directed to file a Prisoner Complaint on the court-approved form. Additionally, Mr. Carrillo will be directed either to pay the $350.00 filing fee (minus the $5.00 fee that he has already paid in this action), or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 with a certified copy of his prisoner's trust fund statement for the 6-month period immediately preceding this filing. Accordingly, it is

ORDERED that the action is construed as a civil rights action filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343, rather than a habeas corpus action filed pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that Mr. Carrillo cure the deficiencies designated above by filing a Prisoner Complaint and either by paying the $350.00 filing fee (minus the $5.00 fee he has already paid), or by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 within thirty (30) days from the date of this order. It is

2

FURTHER ORDERED that Mr. Carrillo shall obtain the court-approved Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if within the time allowed Mr. Carrillo fails to cure the designated deficiencies the action will be dismissed without prejudice and without further notice.  The dismissal shall be without prejudice.

DATED January 23, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge